IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CECIL EUGENE MACKINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner of, )<br>the Social Security Administration, )<br>)<br>Defendant. ) | Case No. 08 C 4188 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Cecil Eugene Mackins appeals from the denial of his application for social security disability insurance benefits. For the reasons set forth below, the Court grants Mackins' motion for judgment on the pleadings, denies the Commissioner's motion for summary judgment, and remands this matter for further proceedings consistent with this decision.

### Facts

On October 12, 2004, Mackins filed an application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(I) & 423. Mackins claimed that he was disabled as of August 14, 2004. On August 13, 2004, an ALJ had denied a previous application for disability insurance benefits that Mackins had filed. That decision is not part of the current appeal.

In his October 2004 application, Mackins claimed that he was disabled due to physical and mental problems. He has a history of cardiac problems, hypertension, and

joint disease for which he has received treatment.

The main thrust of the physical ailments underlying Mackins' October 2004 application relate to pain in his right shoulder. His medical records indicate that he has periodically complained of pain in his right shoulder for a number of years. Mackins contends that the problems with his right shoulder limited his activities. At the March 2006 hearing on Mackins' claim, a cardiologist, Dr. Sheldon Slodki, testified as an expert witness. Dr. Slodki concluded that Mackins did not meet a listed impairment and that nothing in Mackins' medical records indicated an impairment due to his right shoulder pain.[1] When the hearing resumed in August 2006, Mackins testified about his right shoulder problems. At the conclusion of the hearing, the ALJ held the record open so that Mackins could submit the results of an MRI examination on his right shoulder that was scheduled to take place later that week. The radiology report prepared after the MRI was conducted indicated a "[l]arge gaping complete tear of the supraspinatus tendon with some retraction supraspinatus muscle. Moderate to large size right shoulder joint effusion." R. 461. That report does not indicate when Mackins sustained the injury to his right shoulder.

Another focus of the August 2006 hearing was Mackins' mental impairments. Mackins received treatment for depression for several years. An expert, Dr. Richard Zaloudek, testified regarding Mackins' depression. Dr. Zaloudek concluded, based on

---

[1] Mackins was unable to attend the hearing in March 2006, though his counsel was present. Dr. Slodki was questioned by the ALJ with Mackins' counsel's consent. The hearing was then continued until August 11, 2006, when additional testimony was given. Mackins was present on August 11, 2006. Dr. Slodki was not present at the August 2006 hearing.

2

his review of Mackins' treatment records and his observations of Mackins' testimony at the hearing, that Mackins was functionally limited in several ways in an employment setting. First, Dr. Zaloudek determined Mackins could not work at jobs with production quotas. He also concluded that Mackins should have limited contact with the public. Dr. Zaloudek opined that Mackins should not be subject to more than moderate changes in work routine. Finally, Dr. Zaloudek stated that Mackins would need to take more rest periods than the usual employee. Dr. Zaloudek also noted that the combination of Mackins' physical and mental impairments could render him disabled.

A vocational expert, Lee Knuston, also testified at the August 2006 hearing. Knuston identified several jobs that fit within the confines of most of Mackins' limitations. He testified, however, that Mackins would be unable to perform these jobs if he required additional, unscheduled breaks.

The ALJ issued her ruling on February 20, 2007. She determined that Mackins' date last insured was March 31, 2006. Mackins does not contest that determination. The ALJ concluded that Mackins had failed to establish he was disabled on or before March 31, 2006 and thus was not entitled to disability insurance benefits.

## Discussion

This Court reviews the ALJ's decision to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g). "Evidence is considered substantial if a reasonable person would accept it as adequate to support a conclusion." *Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004). The ALJ must "build a logical bridge from the evidence to his conclusion," *Steele v. Barnhart,* 290 F.3d 936, 941 (7th Cir. 2002),

and "must confront the evidence that does not support his conclusion and explain why it was rejected, *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir.2004), but need not provide a 'complete written evaluation of every piece of testimony and evidence.'" *Schmidt v. Barnhart,* 395 F.3d 737 (7th Cir. 2005) (quoting *Diaz v. Chater,* 55 F.3d 300, 308 (7th Cir. 1995)). Because Mackins' work history resulted in a date last insured of March 31, 2006, he was required to establish that he was disabled on or before that date due to his physical or mental problems, or a combination of them. *E.g., Sienkiewicz v. Barnhart*, 409 F.3d 798, 802 (7th Cir. 2005).

The ALJ concluded that the injuries to Mackins' right shoulder did not render him disabled as of March 31, 2006. In reaching that conclusion, the ALJ relied on Dr. Slodki's March 2006 testimony and rejected both Mackins' testimony about this issue as well as the medical records that indicated Mackins had complained about right shoulder pain to his doctors. Though the ALJ acknowledged that the August 2006 MRI showed serious problems in Mackins' right shoulder, she concluded that this test was too far removed from Mackins' date last insured.

Remand is required because the ALJ failed to address adequately whether Mackins was disabled due to the injury to his right shoulder as of March 31, 2006. The ALJ's decision states that "the claimant was functionally limited by his shoulder pain no earlier than April 2006, which with proper treatment might resolve in less than 12 months from onset." R. 25. That conclusion is without support in the record. Mackins testified that he had been experiencing right shoulder pain for years, and the August 2006 MRI, which Dr. Slodki never saw, indicated a significant injury. No expert testimony was presented regarding when Mackins developed the injury to his shoulder.

4

There is currently no medical evidence regarding the date of onset of Mackins' shoulder injury. Without such evidence, it was and is impossible to determine whether Mackins was disabled on or before March 31, 2006. For this reason it is appropriate to remand this case for further proceedings.

"Although a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record. Failure to fulfill this obligation is good cause to remand for gathering of additional evidence." *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). Medical expert testimony is required to determine the date of onset of Mackins' shoulder injury. *See Rogan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("The Commissioner's determination must be based on testimony and medical evidence in the record . . . . ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."). Similarly, the record contains no evidence to support the ALJ's conclusion that Mackins' right shoulder injury can be treated in less than twelve months. The ALJ cannot make that determination without competent testimony on the issue. Additional evidence must be adduced to enable the ALJ to determine whether or not Mackins was disabled.

Remand is also required on the issue of whether available jobs exist in light of Mackins' mental limitations. As noted above, Knuston testified that the jobs she identified for Mackins would not be available if Mackins were required to take more rest breaks than usual. Dr. Zaloudek testified that Mackins' mental condition necessitates such breaks. The ALJ stated in her decision that she "accept[ed] and incorporate[d Dr. Zaloudek's] findings." R. 26. Yet, the ALJ did not account for the limitation regarding Mackins' need to take additional rest breaks, going so far as to discuss the other

5

limitations identified by Dr. Zaloudek without mentioning the rest break issue.  No evidence in the record contradicts Zaouldek's testimony on this issue, and the ALJ offered no reason for her failure to credit or acknowledge this one portion of Zaouldek's opinion.  Under these circumstances, the ALJ may not substitute her opinion for that of Dr. Zaloudek.  *E.g.*, *Rogan*, 98 F.3d at 970.  On remand, the ALJ must determine if there are available jobs in light of all of Mackins' limitations.

Finally, Dr. Zaloudek also speculated that Mackins might be disabled based on the combination of his physical and mental impairments when considered in tandem.  At the time, the MRI had not been performed.  Dr. Zaloudek was not aware of the full extent of Mackins' physical limitations and never had the opportunity to opine on how that injury might affect Mackins in light of his mental state.  This issue should be explored on remand.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for judgment on the pleadings [#14], denies defendant's motion for summary judgment [#20], and remands this matter for further proceedings consistent with this opinion.  The Clerk is directed to enter judgment remanding the case to the Social Security Administration.

Date:  May 12, 2009

_____
MATTHEW F. KENNELLY
United States District Judge